UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Laron A. Gregory,                                    Case No. 3:22-cv-01756

    Plaintiff

    v.                                              MEMORANDUM OPINION
                                                    AND ORDER

Kenneth Heban, et al.

    Defendants

## I. INTRODUCTION

*Pro se* plaintiff Laron A. Gregory filed this *in forma pauperis* action against Kenneth Heban, "Rutkowski," Brian Kennedy, Christopher Johnson, Kevin Korsog, Justin Pritchard, Patricia Gomez, Michael Mitchell, Jordan Schotter, Anthony Barwiler, Keith Hurst, Ryan Freels, the City of Toledo, the "County of Lucas Toledo Ohio," and the Toledo Police Department (Doc. No. 1). For the reasons stated below, I am dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)

## II. BACKROUND

Plaintiff claims that the defendants violated his constitutional rights in connection with the search and seizure of his property that ultimately resulted in his arrest and criminal charges in three cases in the Lucas County Common Pleas Court. Plaintiff alleges that Defendants conducted a search without probable cause, coerced an involuntary consent to search additional property, and obtained a search warrant based on "bogus probable cause." Plaintiff also alleges that Defendant Heban provided false statements in the complaint that resulted in criminal charges against him. Additionally, Plaintiff challenges the forfeiture specifications associated with his criminal cases, claiming the defendants illegally retained personal property including two vehicles, cash, electronics,

and jewelry. Finally, Plaintiff claims that Defendants have failed to return $913 to Plaintiff despite the State of Ohio's agreement to do so.

Plaintiff seeks compensatory damages and declaratory relief.

### III. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

Further explaining the plausibility requirement, the Supreme Court stated that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197 (6th Cir. 1996)). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### IV. ANALYSIS

As an initial matter, Plaintiff cannot bring claims against the Toledo Police Department. The police department is not *sui juris*, meaning it is not a legal entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *see also Hill v. City of Toledo*, No. 3:20-cv-00493, 2020 U.S. Dist. LEXIS 212647, at * 10 (N.D. Ohio Nov. 13, 2020) (finding the Toledo Police Department is not *sui juris*). Consequently, Plaintiff's claims against the Toledo Police Department fail as a matter of law.

Likewise, Plaintiff's claims asserted against the City of Toledo and Lucas County must also be dismissed. Local governments generally may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611(1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it

3

unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

Here, Plaintiff has not pleaded any facts suggesting a policy or custom of the City of Toledo or Lucas County that may have caused a constitutional deprivation. He therefore fails to state a plausible claim against the City of Toledo or Lucas County.

Furthermore, Plaintiff cannot assert claims in a civil rights action that collaterally attack or undermine his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In *Heck v. Humphrey*, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or sentence, or other harm caused by actions whose alleged unlawfulness would render the conviction or any part of the sentence invalid, a plaintiff must first show that the underlying conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. An individual may therefore not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck*, 512 U.S. at 486-87. The holding in *Heck* has been extended to actions seeking injunctive and declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Wilson v. Kinkela*, 145 F.3d 1335 [published in full-text format at 1998 U.S. App. LEXIS 9341], 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief).

Here, Plaintiff directly challenges the validity of his detention and the search and seizure of his property, as well as the validity of the complaint that led to the charges against him. If any of these claims were found to have merit, it would call into question the validity of his conviction. And there is no suggestion in the complaint that Plaintiff's conviction has been set aside or his sentence

4

has been invalidated in any of the ways articulated in *Heck*. Plaintiff's complaint therefore alleges no cognizable civil rights claim, and dismissal of his case is required on this ground alone. *Edwards*, 520 U.S. at 646; *Heck*, 512 U.S. at 486-87; *see also Stuart v. Lake W. Hosp.*, No. 1:22 CV 447, 2022 U.S. Dist. LEXIS 95081, at * 5 (N.D. Ohio May 26, 2022) (finding the plaintiff's claims that a warrantless search violated his Fourth and Fourteenth Amendment rights would call into question the validity of his conviction and therefore barred by *Heck*).

To the extent that matters may still be pending in state court, including the forfeiture or release of Plaintiff's personal property, this Court must abstain from interfering. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances that are not present here. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal suit involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Abstention is therefore appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Concerning the final factor, the plaintiff bears the burden of demonstrating that state procedural law bars presentation of his or her claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his or her federal claims in the state court proceedings, the federal court should assume that state procedures will

5

afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15.

Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Here, if the state court proceedings are still pending, I find the other two conditions warranting abstention under *Younger* exist. Criminal proceedings implicate important state interests. *See Leveye*, 73 F. App'x at 794 (a criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere) (citing *Younger*, 401 U.S. at 43-45). And there has been no showing that the claims asserted by Plaintiff in this federal action are barred in the state action. This court must therefore abstain from interfering in the pending state actions.

## V. CONCLUSION

For the reasons stated above, I am dismissing this action in its entirety under 28 U.S.C. § 1915(e)(2)(B).

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
